Filed 5/28/26  P. v. Jackson CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B340777 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA120231 |
| TYSHAUN JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa S. Coen, Judge.  Reversed and remanded for an evidentiary hearing.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, a jury convicted appellant Tyshaun Jackson and his codefendant of first degree murder (Pen. Code,[1] § 187, subd. (a)) and other offenses, and found that a principal was armed with a firearm in the commission of the murder (§ 12022, subd. (a)(1)). At Jackson's trial, the court instructed the jury that it could convict him of murder if murder was a natural and probable consequence of an assault with a handgun that he aided and abetted. In other words, the jury was instructed on the now-invalid natural and probable consequences doctrine, which allowed it to convict Jackson of murder without necessarily finding that he harbored malice.

In 2020, the trial court denied Jackson's petition for relief under former section 1170.95 (now section 1172.6), concluding the record of conviction demonstrated he was ineligible for relief as a matter of law. In 2024, Jackson filed another petition for relief under section 1172.6, which the trial court denied based on the fact that Jackson had already previously petitioned for, and been denied, that same relief in a prior proceeding.[2]

On appeal, Jackson argues his case should be remanded for an evidentiary hearing because he is prima facie eligible for section 1172.6 relief. The Attorney General does not attempt to refute Jackson is prima facie eligible for such relief. But the Attorney General asserts the trial court's order denying relief

---

[1] Subsequent unspecified references to statutes are to the Penal Code.

[2] It appears the trial court may have mistakenly believed Jackson had an additional section 1172.6 petition denied in 2022. The augmented record suggests, and the parties agree on appeal, that the 2022 proceeding involved a habeas corpus petition and not a section 1172.6 petition.

should nonetheless be affirmed under collateral estoppel principles "even if [Jackson's] initial [petition] was incorrectly denied."

We agree with Jackson. Although the Attorney General is correct that the elements of collateral estoppel are satisfied, an equitable exception to that doctrine arises when there has been a significant change in the law since the initial ruling that warrants reexamination of the issue. (*People v. Curiel* (2023) 15 Cal.5th 433, 454 (*Curiel*).) As discussed in greater detail below, we conclude Jackson's case falls within that equitable exception. Because the record demonstrates Jackson is prima facie eligible for relief under case law that has emerged since his original petition was denied in 2020, we remand the matter to the trial court with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

## RELEVANT LAW

In 2018, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) In 2021, through Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551), the Legislature clarified that the amendments made by Senate Bill No. 1437 were also intended to eliminate any other theory of imputed-malice murder liability. (See § 1172.6, subd. (a).)

A defendant seeking relief under section 1172.6 must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to

proceed under a theory of . . . murder . . . under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder [under current law]." (§ 1172.6, subds. (a)(1)–(3).)

Upon receipt of a facially sufficient petition, the trial court "shall appoint counsel" for petitioner if requested. (§ 1172.6, subd. (b)(3).) The trial court then assesses whether the petitioner is prima facie eligible for relief. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) If the court determines that the petitioner has made a prima facie showing of eligibility for relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law. (§ 1172.6, subds. (c), (d)(3).)

## DISCUSSION

Although the elements of collateral estoppel are present here, we conclude the equitable resolution of this case is a remand for an evidentiary hearing.

" 'In general, whether a prior finding will be given conclusive effect in a later proceeding is governed by the doctrine of issue preclusion, also known as collateral estoppel.' " (*Curiel*, *supra*, 15 Cal.5th at p. 451.) The doctrine is intended to " 'protecting litigants from the burden of relitigating an identical

4

issue with the same party or his privy,' " while " 'promoting judicial economy by preventing needless litigation.' " (*Ibid.*)

Collateral estoppel has five elements. " ' "First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." ' " (*Curiel*, *supra*, 15 Cal.5th at pp. 451–452.)

While satisfaction of these elements is necessary to invoke the equitable doctrine of collateral estoppel, it is not always sufficient. (*Curiel*, *supra*, 15 Cal.5th at p. 454.) Even if the elements are satisfied, " ' "the doctrine will not be applied if such application would not serve its underlying fundamental principles" of promoting efficiency while ensuring fairness to the parties.' " (*Ibid.*)

We agree with the Attorney General that all five essential elements are present. Application of issue preclusion, however, is inequitable under the facts of this case. When the trial court concluded Jackson was prima facie ineligible for relief in 2020, it did so based on an outdated interpretation of the statute. Although the trial court acknowledged that Jackson's jury was instructed on the natural and probable consequences doctrine, the court reasoned he was prima facie ineligible for relief because the prosecution never argued that theory to the jury. The court stated: "At no time did the defense or prosecution argue that theory at trial. The only [homicide] theory [the parties argued to

the jury] was that [Jackson] was an aider and abettor of a planned assassination."

Nearly three years later after the trial court denied Jackson relief on that basis, our colleagues in Division One issued an opinion that undermines the trial court's conclusion. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1188 (*Lee*).) *Lee* explained:

> We acknowledge that the prosecutor in closing proceeded solely on the theory that Lee personally committed a provocative act, with no suggestion that he was liable because of a provocative act committed by someone else. The jury instructions, however, were not so limited, and permitted the jury to convict Lee based on the act of a surviving accomplice. We do not know if, based on the evidence, the jury might have convicted Lee on this latter theory, because we do not have the full record before us. We therefore are unwilling to conclude, based solely on the prosecution's closing argument and summary of the evidence, that the jury necessarily convicted Lee as a provocateur as opposed to a nonprovocateur accomplice. (*Lee, supra*, 95 Cal.App.5th at p. 1188.)

Following *Lee*, we conclude the trial court was incorrect in determining Jackson is ineligible for section 1172.6 relief as a matter of law. Although it appears the trial court is correct the prosecutor did not argue Jackson was guilty of murder under the natural and probable consequences doctrine, the jury instructions were not so limited. (See *Lee, supra*, 95 Cal.App.5th at p. 1188.) As a result, it is theoretically possible the jury could have convicted Jackson of murder, using the natural and probable

6

consequences instruction, without finding that he harbored malice.

*Lee* constitutes a significant development or clarification of the law. Because the trial court did not have the benefit of *Lee* when it issued its order, foreclosing a re-examination of Jackson's arguments would be unfair. (See *Curiel, supra,* 15 Cal.5th at p. 454 [an exception to collateral estoppel is when there is a significant change in the law].)[3] We therefore remand the matter for an evidentiary hearing under section 1172.6, subdivision (d).

We note that a different panel of this court, in resolving Jackson's direct appeal prior to the enactment of former section 1170.95, agreed with Jackson that the trial court committed instructional error under *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), but concluded that error was harmless because "there [was] no evidence an assault escalated into murder; rather, the assault in this case was indistinguishable from the murder." (*People v. Jackson* (B256011, May 26, 2016) [nonpub opn.].) This conclusion does not render Jackson prima facie ineligible for

---

[3] We cannot, at this juncture, weigh the evidence adduced at Jackson's murder trial to conclude as a matter of law that he was convicted of murder under the theory that he harbored malice, as doing so would constitute improper factfinding, and would risk improperly bypassing Jackson's right to an evidentiary hearing under section 1172.6, subdivision (d). (See *Lewis, supra,* 11 Cal.5th at pp. 971–972 [courts should not engage in factfinding or weigh evidence at the prima facie stage].) Jackson's point on appeal is well-taken that the trial court in 2020 may have engaged in improper factfinding to deny him section 1172.6 relief as a matter of law when it concluded: "I don't think the evidence supports even an argument for natural and probable consequences."

section 1172.6 relief.  The question of whether *Chiu* error is harmless is different from whether a defendant is prima facie eligible for section 1172.6 relief.  (See *People v. Campbell* (2023) 98 Cal.App.5th 350, 371–375 [concluding an appellate court's ruling on direct appeal that *Chiu* error was harmless is a different analysis than whether the defendant is entitled to section 1172.6 relief].)  As explained above, the record of conviction does demonstrate Jackson is prima facie eligible for section 1172.6 relief because the natural and probable consequences doctrine instruction left open the possibility that the jury could convict him of murder without finding he harbored malice.  Furthermore, Jackson's direct appeal panel concluded the *Chiu* error was harmless based on weighing the evidence presented at Jackson's trial, which is precluded at the prima facie stage of section 1172.6 proceedings.  (*Lewis, supra,* 11 Cal.5th at pp. 971–972.)

## DISPOSITION

We reverse the order denying Jackson relief and remand the matter for an evidentiary hearing under section 1172.6, subdivision (d). We express no opinion on the ultimate outcome of that proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.